Labauve, J.
The plaintiff, claiming of the defendant, a non-resident, the sum of $307 15, obtained a writ of attachment, under which certain goods and merchandise, and three bales of cotton, were attached as the property of the defendant. John B. Chandler was also made garnishee to the proceedings, and cited as such, and ordered to answer certain interrog'atories annexed to the petition.
The said JolinB. Chandler came in Court as intervenor-and third opponent, alleging, in substance, that the goods and merchandise attached had been sold by him to the defendant, to be paid for in cash, amounting to $337 49; that said goods were delivered to the N. O., J. & Gr. N. R. R. Co., as carriers, within the last eight days, to wit: on the 12th January, 1866, to be conveyed to the defendant in the State of Mississippi, and that the same were seized in this case; that the price of said goods is still duo and unpaid; that he has the privilege of the vendor on said goods, and the right to reclaim possession of them for indemnity. In a supplemental petition, the intervenor also alleged that the three bales of cotton attached were his property, and the defendant has no title whatever to the same. He prays accordingly.
The Court below, after hearing the parties, dismissed intervenor’s demand and gave judgment for plaintiff, with privilege on the property attached.
The intervenor took this appeal.
The plaintiff annexed to his petition, and propounded the following-interrogatories to the garnishee:
1st. Have you in your possession or under yoiir control, or had you at the time of service of these interrogatories, or since, any moneys, goods, rights, credits or property of any kind belonging to W. Hopson, or in which he has an interest ?
2d. Are you indebted, or were you at the time of service of these *490 interrogatories, or since, indebted in any amount or on any account, to W. Hopson ?
Does not the amount of said debt exceed three hundred and seven dollars and fifteen cents ?
To which he answered as follows:
To the first interrogatory, respondent answers, 1st: to each and every clause of said interrogatory and part thereof, respondent answers, No.
To the second interrogatory respondent answers, to each and every part of this interrogatory, respondent answers, No. And here, respondent will state that the defendant, Hopson, has been indebted to him, respondent, since December, 1865, for goods and merchandise, and cash advanced, all of which was sold, and cash advanced, under the express understanding and stipulation that he (Hopson) should immediately pay for the same, and reimburse respondent in cash, or its equivalent in cotton; respondent refers to the account annexed, marked A, as part of his answer hereto.
On the 11th and 13th of January, 1866, in accordance with the agreement aforesaid, and failing to pay respondent in cash, Hopson sent to your respondent three bales of cotton, to be applied to the payment of his account in lieu of cash, as herein before stated and explained. And further, after deducting the fullest market value of said three bales of eotton, Hopson, the defendant, is now indebted unto respondent in a sum exceeding $500, now due, and owing under the contract and agreement above set forth. Respondent states that these three bales of cotton were delivered by respondent to his factors, J. L. Lee & Co., for sale on his account, and were seized by the sheriff in said factors’ hands, in the above case.
Account annexed—
“ W. Hopson, in account with........................J. B. Chandler.
■ December 6—Invoice rendered............................$1,099 73
“ Cash........................................ 59 55
“ 19—Invoice rendered............................ 90 05
<< a (( (< g yj
$1,255 50
December 6—By cash....................................... 200 00
$1,055 50
“ By three bales of cotton, rec'eived January 11th and 13th.”
The answers, by the garnishee to the interrogatories, have not been excepted to, nor were they offered in evidence, and the plaintiff contends that they are not before us as evidence. The answers of a party interrogated on facts and articles form a part of the pleadings, and make a part of the record, and either party may use them without iormally introducing them in evidence. 5 N. S. 179. 9 R. 19. Augustus Walker v. Etienne Oillavaso, not yet reported. Chandler, garnishee and intervenor, claims the three bales of cotton as owner, and we are satisfied by his own answers to the interrogatories, that they belonged to the defendant, William Hopson, who had sent them to the intervenor to be sold on his account, and the proceeds to be placed to his credit; there was no price agreed on; and the cotton was not weighed; it remained at the risk of Hopson. *491 O. O., Arts. 2414, 2434. If the cotton, had been destroyed, by fire, hpw could Hopson have claimed credit for the value; there was no price agreed on, and the weight was not known? It was not a daiion enpayment for any specific sum. At the foot of the account is the following memorandum :
“By three bales of cotton, received January 11th and 13th,” no amount is carried out as a credit; it is clear that the credit to be given depended upon the sale yet to be made.
Had the intervenor claimed a privilege it would have presented another very different question; but he claims the ownership. We are of opinion that Hopson was owner of the cotton when it was attached.
As to the other goods and merchandise attached, we are of opinion, from the evidence, that the intervenor was the vendor, and had a privilege as such; and, that having identified the said goods, and claimed them within eight days of the delivery, he is legally entitled to claim them back in kind, under Article 3196 of Civil Code.
It is therefore ordered, adjudged and decreed, that the judgment appealed from be amended as follows: That the attachment on the goods and merchandise (other than the three bales of cotton) be dissolved, and that said goods and merchandise be delivered back to the intervenor ; that the judgment as amended be affirmed, the plaintiff and appellee to pay the costs of this appeal.